■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELANO SEDNEY, Appellant. [678 NYS2d 534] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered April 15, 1996, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defendant objected, pursuant to *Batson v Kentucky* (476 US 79), to the prosecution's exercise of certain peremptory challenges. The trial court accepted the prosecution's explanations for the challenges and dismissed the jurors. On appeal, the defendant contends that the court erred in allowing two of those challenges.

The prosecution satisfied its obligation to provide facially-neutral reasons for rejecting the challenged jurors (*see, People v Payne,* 88 NY2d 172, 181; *People v Allen,* 86 NY2d 101, 109-110). The burden then shifted to the defendant to demonstrate that the explanations were pretextual (*see, People v Payne, supra,* at 181).

The defendant's current contentions with respect to the two jurors challenged in the first round of voir dire are unpreserved for appellate review. The defendant did not object during jury selection to either of the prosecution's explanations regarding the jurors, nor did the defendant articulate the claims he now makes on appeal (*see, People v Allen, supra,* at 110-111; *People v West,* 243 AD2d 590). In any event, the trial court correctly determined that the defendant failed to meet his burden of demonstrating that the disputed challenges were the product of purposeful discrimination (*see, Purkett v Elem,* 514 US 765; *Hernandez v New York,* 500 US 352, 364-365; *People v Payne, supra*).

The defendant's challenges to remarks made by the prosecutor during summation are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818). In any event, the statements were either reasonably inferable from the evidence (*see, People v Ashwal,* 39 NY2d 105) or fair re-

sponses to arguments raised by the defense counsel during summation (*see, People v Rivera,* 158 AD2d 723).

The defendant's remaining contention is without merit. O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.