■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN SUMPTER, Appellant. [729 NYS2d 506] —Appeal by the defendant from a judgment of the County Court, Nassau County

(Boklan, J.), rendered July 28, 1999, convicting him of criminal possession of a weapon in the third degree (two counts) and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating so much of the defendant's sentence as imposed five years of post-release supervision; as so modified, the judgment is affirmed.

The verdict of guilt was not against the weight of the credible evidence. The People's witnesses established that at 1:30 A.M. on May 24, 1998, Police Officers Parpan and Serrano were on routine motor patrol in Roosevelt, New York, when they heard gunshots and saw the defendant and another man running away from the Steer Inn, the establishment in front of which the shooting had just occurred. Parpan and Serrano gave chase, and observed the defendant throw what appeared to be a gun over a fence into some bushes. Officer Parpan ultimately caught up with the defendant, arrested and searched him, and found a bag of marihuana in his pocket. A Lorcin .380 semiautomatic handgun was subsequently recovered from behind the fence where the officers had seen the defendant throw it.

It is well settled that issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94; *People v Fisher,* 143 AD2d 1037). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Darty,* 177 AD2d 587, 588; *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The hearing court properly admitted into evidence the Lorcin .380 handgun found behind the fence in the bushes, as the defendant deliberately abandoned it (*see, People v Bloomfield,* 221 AD2d 651; *see also, People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Further, the discarding of the gun provided Officer Parpan with probable cause to arrest the defendant, search him, and seize the marihuana in his pocket (*see, People v Valentine,* 220 AD2d 708, 709).

The trial court erred in admitting into evidence five shell casings recovered from the ground at the scene of the shooting.

The police ballistics experts were unable to connect the shells to the defendant's Lorcin. The error, however, was harmless since nearly all of the witnesses testified, without objection by the defense, that several shots had been fired right outside the Steer Inn, and that there were shell casings on the sidewalk in front of the bar (*see, People v Crimmins,* 36 NY2d 230).

The defendant's current claim, that the explanations given by the prosecutor for challenging four minority jurors were "pretextual" is not preserved for appellate review. The defendant did not object during jury selection to any of the prosecutor's explanations regarding those jurors, nor did he articulate the arguments he now makes on appeal (*see, People v Payne,* 88 NY2d 172, 181; *People v Allen,* 86 NY2d 101, 109-110; *People v Sedney,* 254 AD2d 376). In any event, the trial court correctly determined that the defendant failed to meet his burden of demonstrating that the disputed challenges were the product of purposeful discrimination (*see, Purkett v Elem,* 514 US 765, 768; *Hernandez v New York,* 500 US 352; *Batson v Kentucky,* 476 US 79; *People v Payne, supra; People v Sedney, supra).*

The defendant's contention that his sentence should be reduced or that he should be resentenced because the presentence report before the sentencing court allegedly contained inaccurate and prejudicial statements, is unpreserved for appellate review. In any event, this contention is without merit since there is no evidence that the sentencing court relied on the allegedly inaccurate information when it sentenced the defendant (*see, People v Tavarez,* 235 AD2d 278, 279). However, so much of the sentence as imposed five years of post-release supervision must be vacated, because the crimes at issue here were committed before the effective date of Penal Law § 70.45 (1).

The defendant's remaining contentions are without merit. Ritter, J. P., McGinity, Luciano and Feuerstein, JJ., concur.