THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. MOLYNEAUX, Appellant. (Appeal No. 1.) [853 NYS2d 774]—

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of sodomy in the first degree (Penal Law former § 130.50 [1]) and sodomy in the second degree (former § 130.45). In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of sodomy in the first degree (former § 130.50 [1]), sodomy in the second degree (former § 130.45), and sexual abuse in the first degree (§ 130.65 [1]). The two appeals involve two different victims. Contrary to defendant's contention, County Court properly granted the People's motion to consolidate the indictments for trial because the counts alleged therein were the same or similar in law (*see* CPL 200.20 [2] [c]; [4]), and defendant failed to demonstrate any prejudice as a result of the consolidation (*see People v Shand*, 280 AD2d 943 [2001], *lv denied* 96 NY2d 834 [2001]; *see generally People v Lane*, 56 NY2d 1, 8 [1982]). We reject defendant's further contention that the court erred in its *Molineux* ruling with respect to evidence of a prior bad act by defendant against the victim in appeal No. 1. That evidence was properly admitted because it was relevant to show a common scheme or plan by defendant (*see People v Paige*, 289 AD2d 872, 874 [2001], *lv denied* 97 NY2d 759 [2002]), and it completed the narrative of that victim's testimony (*see People v Higgins*, 12 AD3d 775, 777-778 [2004], *lv denied* 4 NY3d 764 [2005]). As the court properly concluded, the probative value of that evidence outweighed its potential for prejudice (*see generally People v Alvino*, 71 NY2d 233, 242 [1987]).

We reject the contention of defendant that he received ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The majority of the alleged instances of ineffective assistance are based on defendant's disagreements with defense counsel's trial strategies, and defendant has failed to meet his burden of establishing the absence of any legitimate

explanation for those strategies (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Flores*, 84 NY2d 184, 186-187 [1994]). The single alleged error by defense counsel in failing to take advantage of the favorable *Molineux* ruling with respect to a prior bad act by defendant against the victim in appeal No. 2 was not "sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152 [2005]).

Defendant failed to preserve for our review his contention that the testimony of the People's expert witness was improper (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the conviction in each appeal is not based on legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). The verdict with respect to each appeal is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant further contends that the sentence in each appeal should be modified because the court relied on improper statements in the presentence report. We reject that contention. Defendant was given the opportunity to challenge those statements, and he has not demonstrated that the court relied on any prejudicial information in imposing the sentence in each appeal (*see People v Henderson*, 305 AD2d 940, 942 [2003], *lv denied* 100 NY2d 582 [2003]; *People v Sumpter*, 286 AD2d 450, 452 [2001], *lv denied* 97 NY2d 658 [2001]).

We agree with defendant, however, that the sentences imposed for each count of sodomy in the first degree are unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment in appeal No. 1 by reducing the sentence imposed for sodomy in the first degree to a determinate term of imprisonment of $11^{1}/_{2}$ years, and we modify the judgment in appeal No. 2 by reducing the sentence imposed for sodomy in the first degree to an indeterminate term of imprisonment of 6 to 12 years. We note that the sentence imposed in appeal No. 1 will continue to run consecutively to the sentence imposed in appeal No. 2. We further modify the judgment in appeal No. 2 by vacating the period of postrelease supervision because the offenses were committed prior to the effective date of Penal Law § 70.45 (*see People v McKnight*, 35 AD3d 1162 [2006]; *Sumpter*, 286 AD2d at 452). Present—Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.