■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BOWMAN, Appellant. [872 NYS2d 150]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 14, 2005, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying his *Batson* challenges (*see Batson v Kentucky,* 476 US 79 [1986]) with respect to the prosecutor's use of peremptory challenges to exclude four prospective jurors based on their race. The defendant's contention is unpreserved for appellate review with respect to two of the prospective jurors, since the arguments pertaining to them are based on grounds which were not articulated in the Supreme Court (*see People v Allen,* 86 NY2d 101, 110-111 [1995]; *People v Sumpter,* 286 AD2d 450 [2001]). In any event, the defendant's contention is without merit. The Supreme Court is in the best position to determine whether the proffered explanations for peremptory challenges are credible (*see People v Jeffreys,* 258 AD2d 474 [1999]; *People v Jupiter,* 210 AD2d 431, 434 [1994]). The Supreme Court's determination that the explanations were nonpretextual is entitled to great deference on appeal and should not be disturbed where, as here, it is supported by the record (*see People v Hernandez,*

75 NY2d 350, 356-357 [1990]; *People v Fuller,* 302 AD2d 405 [2003]).

The defendant's contention that he was denied due process and the right of confrontation by the complainant's testimony regarding statements made by a friend who was not called as a witness is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v South,* 47 AD3d 734 [2008]; *People v Dombroff,* 44 AD3d 785, 787 [2007]; *People v Howell,* 44 AD3d 686 [2007]; *People v Wilson,* 295 AD2d 545 [2002]). In any event, this contention is without merit, as the complainant's testimony was not elicited for its truth, but rather, to explain the sequence of events leading up to the defendant's arrest (*see People v Barboza,* 24 AD3d 460 [2005]; *People v Newland,* 6 AD3d 330 [2004]).

Contrary to the defendant's contention, he was not denied a fair trial by certain statements made by the prosecutor in summation. The remarks at issue either were a fair response to the defendant's summation (*see People v Rhodes,* 11 AD3d 487 [2004]; *People v Adamo,* 309 AD2d 808, 810 [2003]), constituted fair comment on or reasonable inferences drawn from the evidence (*see People v Ashwal,* 39 NY2d 105 [1976]), or were harmless (*see People v Crimmins,* 36 NY2d 230 [1975]). Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur.