15-1436-pr
Bowman v. Lee

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
ERNEST BOWMAN,
         Petitioner-Appellant,

         -v.-                                    15-1436-pr

WILLIAM LEE, Superintendent,
         Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              JANE SIMKIN SMITH, Millbrook, New York.

FOR APPELLEES:              SHARON Y. BRODT (John M. Castellano, on the brief), Assistant District Attorneys, for Richard A. Brown, District

Attorney, Queens County, Kew Gardens, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Ernest Bowman appeals from the judgment of the United States District Court for the Eastern District of New York (Korman, <u>J.</u>) denying Bowman's 28 U.S.C. § 2254 petition for a writ of habeas corpus.  The district court issued a certificate of appealability as to Bowman's <u>Batson</u> challenge.  <u>See</u> <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Bowman was convicted of robbery in the first degree in the New York Supreme Court, Queens County, after jury trial.  During jury selection, Bowman challenged the Assistant District Attorney's use of peremptory challenges to strike four of five black potential jurors.  The trial judge found that the strikes were not discriminatory, and Bowman's conviction was affirmed by the Appellate Division.  <u>People v. Bowman</u>, 872 N.Y.S.2d 150 (App. Div. 2009).  The New York Court of Appeals denied leave to appeal.  <u>People v. Bowman</u>, 909 N.E.2d 586 (N.Y. 2009).

**1.**  A federal court may grant habeas relief to a state prisoner with respect to a claim that was adjudicated on the merits in state court only if the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," <u>id.</u> § 2254(d)(2).  <u>See</u> <u>Burt v. Titlow</u>, 134 S. Ct. 10, 15 (2013).  In the habeas proceeding, state court factual findings "are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'"  <u>Rice v. Collins</u>, 546 U.S. 333, 338-

39 (2006) (quoting 28 U.S.C. § 2254(e)(1)).[1]  Furthermore, federal courts generally may not grant habeas relief on a claim that was denied on the basis of an independent and adequate state ground in state court.  See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006).

**2.**  Respondent contends that Bowman's challenges to the prosecution's strikes of two venirepersons--Ms. Thomas and Mr. France--are procedurally barred from habeas review pursuant to the independent and adequate state ground doctrine.  The Appellate Division determined that Bowman's Batson claims were "unpreserved for appellate review with respect to two of the prospective jurors, since the arguments pertaining to them are based on grounds which were not articulated in the [trial] Court."  Bowman, 872 N.Y.S.2d at 151 (citing People v. Allen, 653 N.E.2d 1173, 1178-79 (N.Y. 1995); People v. Sumpter, 729 N.Y.S.2d 506 (App. Div. 2001)).  The Appellate Division's decision did not name these two jurors, and no further explanation was provided. The district court held that Bowman's claim was barred on habeas review as to Ms. Thomas, but not as to Mr. France. Because we conclude that Bowman's Batson claim fails on the merits as to all four jurors (as discussed below), we need not decide whether his challenge to any particular strike is subject to a valid procedural bar.

**3.**  Bowman argues that at step three of the Batson analysis, the trial judge (and the Appellate Division) unreasonably applied clearly established Supreme Court law, § 2254(d)(1), by (1) failing to make any credibility determination regarding Ms. Thomas and Mr. France; (2) failing to take into consideration the totality of the circumstances; and (3) failing to make a determination regarding intent to discriminate.  These contentions are meritless.

---

[1] Neither the Supreme Court nor the Second Circuit has determined how § 2254(d)(2) and § 2254(e)(1) "interact, specifically whether § 2254(e)(1) applies in every case in which a petitioner brings a challenge under § 2254(d)(2)." Cardoza v. Rock, 731 F.3d 169, 177 n.5 (2d Cir. 2013); see also Brumfield v. Cain, 135 S. Ct. 2269, 2282 (2015); Wood v. Allen, 558 U.S. 290, 300-01 (2010).  Because we conclude that Bowman cannot satisfy the standard set by § 2254(d)(2), see infra pages 4-5, we need not resolve the issue today.

First, a review of the trial transcript confirms that the trial court did make a (positive) credibility finding as to the prosecutor's explanations for his strikes of Ms. Thomas and Mr. France. Second, nothing in the record suggests that the trial court failed to consider the totality of circumstances. There is no requirement that a trial judge use any particular words in ruling on a Batson challenge. See Miller-El v. Cockrell, 537 U.S. 322, 347 (2003) ("[A] state court need not make detailed findings addressing all the evidence before it."); Messiah, 435 F.3d at 198 ("[A] judge need not engage in 'a talismanic recitation of specific words in order to satisfy Batson.'" (quoting Galarza v. Keane, 252 F.3d 630, 640 n.10 (2d Cir. 2001))).

Third, the trial court did find as a matter of fact that discrimination had not motivated the Assistant District Attorney's use of peremptories. Supreme Court case law has treated the ultimate question of discrimination as a credibility issue. See Cockrell, 537 U.S. at 339 ("[T]he issue [at step three] comes down to whether the trial court finds the prosecutor's race-neutral explanations to be credible."); id. at 340 ("The credibility of the prosecutor's explanation goes to the heart of the equal protection analysis, and once that has been settled, there seems nothing left to review." (quoting Hernandez v. New York, 500 U.S. 352, 367 (1991) (plurality opinion))).

4. Bowman contends that the state court decisions were based on an unreasonable determination of the facts. § 2254(d)(2). He cannot satisfy this standard. At voir dire, Bowman challenged the explanations provided with respect to both Mr. Johnson and Mr. France on the ground that other jurors were seated who had relatives charged with crimes or who were themselves charged with a crime. However, no juror but Mr. France had a relative charged with such a serious offense as homicide; and the prosecutor's reason for striking Mr. Johnson was not the assault charge alone, but rather Mr. Johnson's discussion of the incident, which suggested to the prosecutor that the potential juror believed his nephew had been falsely accused and may therefore have a negative view of law enforcement. The prosecutor's explanation for the strike of Ms. Thomas (her and her husband's Rikers Island employment) is supported by the peremptory strike of another potential juror, Mr. Derek, who had previously volunteered at Sing-Sing and currently corresponded with an inmate imprisoned in California.

4

Finally, the prosecutor explained his strike of Ms. Chatman as based on demeanor and body language: "unlike the other jurors . . . she was not just listening, she was looking around, perched on the edge of her seat." The trial judge confirmed that he too had "noticed an unusual body language in the way" Ms. Chatman was sitting. Trial Tr. 149-53. "The Supreme Court has made clear that a 'state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" Cardoza v. Rock, 731 F.3d 169, 177-78 (2d Cir. 2013) (quoting Wood v. Allen, 558 U.S. 290, 301 (2010)). On the instant record, we cannot say that the trial court's determination (or the Appellate Division's decision to affirm) was undeserving of AEDPA deference.

For the foregoing reasons, and finding no merit in Bowman's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK