(January 9, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN KAPLAN, Appellant. [636 NYS2d 306] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered May 13, 1993, convicting defendant, after a jury trial held *in absentia*, of robbery in the second degree (two counts) and assault in the third degree (two counts), and sentencing him, as a second felony offender, to concurrent prison terms of 5 to 10 years on the robbery convictions and 1 year on the assault convictions, unanimously affirmed.

The trial court, having apprised defendant immediately before the trial began of the consequences of not appearing, properly continued the trial in defendant's absence after ascertaining that he had voluntarily absconded *(see, People v Parker*, 57 NY2d 136, 141), and defendant's right to be present was not restored when the court learned, shortly after it had begun its charge, that defendant had been arrested for what it later learned, during jury deliberations, was an unrelated crime *(see, People v Herrera*, 219 AD2d 511). Defendant's claim of ineffective assistance of counsel is not supported by an adequate record such as might have been developed by an appropriate postjudgment motion. Upon the present record, it appears that counsel competently put forth evidence and cross-examined witnesses, and that the decision to forego scientific tests that might have proven incriminatory was a reasonable tactic *(see, People v Baldi*, 54 NY2d 137, 146-147). Defendant's final claim of possible misconduct by a juror who interviewed other jurors after the trial and wrote a magazine article about that trial is based on hearsay *(see, People v Salaam*, 187 AD2d 363, 364-365, *affd* 83 NY2d 51), dehors the record, and in any event does not assert any improprieties. Concur—Murphy, P. J., Wallach, Kupferman, Ross and Williams, JJ.