■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MORRISON, Appellant. [653 NYS2d 863] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered January 20, 1995, convicting him of attempted aggravated assault upon a police officer, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defendant objected, pursuant to Batson v Kentucky (476 US 79), to the prosecution's exercise of certain peremptory challenges. The trial court accepted the prosecution's explanations for the challenges and dismissed the jurors. On appeal, the defendant contends that the court erred in allowing four of those challenges.

The prosecution proffered race-neutral explanations for each challenge, thereby satisfying its obligation to provide facially neutral reasons for rejecting the jurors (see, People v Payne, 88 NY2d 172, 181; People v Allen, 86 NY2d 101, 109-110). The burden then shifted to the defendant to demonstrate that the explanations were pretextual (see, People v Payne, supra, at 181).

The defendant's contentions with respect to the two jurors challenged in the second round of voir dire are unpreserved for appellate review. The defendant did not object to the prosecution's explanation regarding one of those jurors and as to the other, the defendant did not articulate the claim he now makes on appeal (see, People v Allen, supra, at 110-111; People v Guzman, 227 AD2d 642). The court properly allowed the two challenges in the third round of voir dire. The defendant did not meet his burden of demonstrating that the prosecutor's reasons, based on inattentiveness and demeanor, were a mere pretext for discrimination (see, People v Bennett, 206 AD2d 382, 383). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.