■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYSON McCAA, Appellant. [790 NYS2d 123]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered September 10, 2002, convicting defendant, after a jury trial, of attempted assault in the first degree (two counts), criminal possession of a weapon in the third degree and menacing in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion made when the prosecutor asked defendant a question on cross-examination that violated the court's *Sandoval* ruling by identifying a particular prior conviction. There was an ambiguity in the *Sandoval* ruling as to whether the nature of the conviction could be elicited and, as defendant conceded at trial, the prosecutor's violation of the ruling was not deliberate. Defendant was not prejudiced, especially since he never answered the question, which was immediately struck from the record, and since the court subsequently instructed the jury that questions were not evidence and that the jury should disregard anything struck from the record (*see People v Terry*, 219 AD2d 529 [1995], *lv denied* 87 NY2d 851 [1995]). Moreover, there was overwhelming evidence of defendant's guilt.

Defendant's pro se ineffective assistance of counsel claim rests primarily on matters outside the record and would thus require a CPL 440.10 motion. To the extent the existing record permits review, it establishes that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We have considered and rejected the remaining claims contained in defendant's pro se supplemental brief. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Nardelli, JJ.