■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTICE ROBLES, Appellant. [811 NYS2d 668]—

Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered April 28, 2003, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion made after the prosecutor asked defendant a question on cross-examination that violated the court's *Sandoval* ruling. Initially, we note that the record supports the inference that the *Sandoval* violation was the inadvertent product of the prosecutor's confusion as to which portions of defendant's lengthy criminal record could be elicited. There was no prejudice to defendant since he never answered the question, and the court subsequently struck the question and delivered curative instructions to the jury (*see People v McCaa*, 16 AD3d 139 [2005], *lv denied* 5 NY3d 765 [2005]; *People v Terry*, 219 AD2d 529 [1995], *lv denied* 87 NY2d 851 [1995]).

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory, employment-based reasons provided by the prosecutor for the challenges in question were not pretextual (*see People v Wint*, 237 AD2d 195, 197-198 [1997], *lv denied* 89 NY2d 1103 [1997]). This credibility determination is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Concur—Tom, J.P., Andrias, Marlow, Williams and McGuire, JJ.