FOURTH DEPARTMENT, NOVEMBER, 2007

(November 9, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY A. VOUGHT, Appellant. [844 NYS2d 815]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered April 12, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). We reject defendant's further contention that the verdict is against the weight of the evidence. It cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

County Court properly refused to suppress defendant's responses to two questions asked by the police before advising defendant of his Miranda rights. The record establishes that defendant was stopped for a routine traffic violation and was taken into custody when the police discovered that he had an invalid registration and a suspended license and was the subject of an outstanding arrest warrant. During the course of a routine inventory search of defendant's vehicle in preparation for towing, the police observed what appeared to be a human body that was wrapped in a mattress pad and secured with duct tape. Without first advising defendant of his Miranda rights, the police asked defendant whether there was a person in the mattress pad, and defendant responded in the affirmative. Defendant then gave a negative response when the police asked whether that person was in need of an ambulance. The court properly refused to suppress defendant's responses to the questions asked by the police because the questions "were designed not to elicit incriminating statements, but rather 'to clarify the nature of the situation confronted' in the context of an ongoing crime" (People v Porter, 35 AD3d 907, 908 [2006], quoting People v Huffman, 41 NY2d 29, 34 [1976]). Finally, defendant contends that he was denied his right to due process because the interrogation conducted at the police station was not electronically

recorded. We reject that contention "[b]ecause '[t]here is no Federal or State due process requirement that interrogations and confessions be electronically recorded' " (*People v Martin*, 294 AD2d 850, 850 [2002], *lv denied* 98 NY2d 711 [2002]). Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.