■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BALTAZAR MALAVE, Appellant. [860 NYS2d 365]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered March 17, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the verdict is repugnant because he was found guilty of murder in the second degree but was acquitted of criminal possession of a weapon in the second and third degrees. We reject that contention. The counts of criminal possession of a weapon in the second and third degrees, as charged, contained an element not found in the murder count under which he was convicted as an accomplice, i.e., possession of a loaded gun (*see People v Nash*, 273 AD2d 696, 699 [2000]; *see also People v Mabry*, 288 AD2d 326 [2001], *lv denied* 97 NY2d 706 [2002]; *see generally People v Tucker*, 55 NY2d 1, 6-7 [1981], *rearg denied* 55 NY2d 1039 [1982]). Defendant failed to renew his challenge to the legal sufficiency of the evidence after he presented evidence and thus failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Further, defendant's post-trial motion pursuant to CPL 330.30 is insufficient to preserve defendant's contention for our review (*see People v Mills*, 28 AD3d 1156, 1157 [2006], *lv denied* 7 NY3d 903 [2006]; *see generally People v Padro*, 75 NY2d 820 [1990], *rearg denied* 75 NY2d 1005 [1990], *rearg dismissed* 81 NY2d 989 [1993]). In any event, that contention lacks merit, as does defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the further contention of defendant, County Court properly refused to conduct a *Dunaway* hearing. The omnibus motion papers submitted by defendant contain only conclusory and speculative allegations and thus fail to raise an issue of fact with respect to the lawfulness of his arrest (*see People v Walker*, 15 AD3d 902, 903 [2005], *lv denied* 4 NY3d 836 [2005]; *People v Huntley*, 259 AD2d 843, 844-845 [1999], *lv denied* 93 NY2d 972 [1999]; *see generally People v Mendoza*, 82

NY2d 415, 426-429 [1993]). Finally, defendant failed to preserve for our review his further contention that he was denied due process on the ground that the police did not electronically record the interrogation resulting in his statement (*see* CPL 470.05 [2]) and, in any event, this Court has repeatedly determined that the failure to record a defendant's interrogation electronically does not constitute a denial of due process (*see e.g. People v Davis*, 48 AD3d 1086, 1087-1088 [2008]; *People v Vought*, 45 AD3d 1247, 1248-1249 [2007], *lv denied* 10 NY3d 817 [2008]; *People v Williams*, 39 AD3d 1200 [2007], *lv denied* 9 NY3d 853 [2007]). Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.