■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ORTIZ, Appellant. [875 NYS2d 909]—Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered March 5, 2007, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in denying his *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]) because the prosecutor's explanation for striking a black potential juror was pretextual. However, the defendant's challenge was properly denied because he failed to satisfy his burden of demonstrating, under the third prong of the *Batson* analysis, that the facially race-neutral explanation given by the prosecutor was a pretext for racial discrimination (*see People v Payne,* 88 NY2d 172 [1996]).

Furthermore, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt under an accomplice theory of liability beyond a reasonable doubt (*see* Penal Law § 20.00; *People v Keitt,* 42 NY2d 926 [1977]; *People v Anaya,* 206 AD2d 380 [1994]; *People v Mercado,* 114 AD2d 377 [1985]).

The defendant's remaining contention is unpreserved for appellate review. Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.