■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS E. PAIGE, Appellant. [891 NYS2d 374]—

The court properly exercised its discretion in denying defendant's request for an adjournment for the purpose of attempting to locate a possible surrebuttal witness (*see Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]; *People v Foy*, 32 NY2d 473, 476 [1973]). Defendant became aware of the People's expected rebuttal testimony five days earlier in the trial, but made no effort to locate the surrebuttal witness. Furthermore, defendant had no information about the witness except a first name and a tenuous means of contacting him. Accordingly, the likelihood that defendant could find the witness and bring him to court was speculative at best. Moreover, the value of this witness's proposed testimony was dubious, especially since it would have conflicted with the testimony of a witness defendant had already called. To the extent defendant is arguing that he had a constitutional right to an adjournment, that claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]) and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Ungar v Sarafite*, 376 US 575, 589 [1964]).

Defendant did not preserve his claim that there was an insufficient foundation for testimony by a records custodian that cell phone records showed the probable location of defendant's phone at a time a particular call was made, and we decline to review it in the interest of justice. As an alternative holding, we

conclude that the custodian testified to matters within her knowledge and experience. Trial counsel's failure to object did not deprive defendant of effective assistance. Counsel could have reasonably concluded that demanding more of a foundation would have had the counterproductive result of causing the People to elicit the same evidence in a manner more impressive to the jury. Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.