■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS L. HAMMONS, JR., Appellant. [892 NYS2d 690]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that Supreme Court erred in permitting the People on redirect examination of the complainant to elicit evidence with respect to defendant's telephone conversation with the complainant that had been recorded by the police but subsequently had been suppressed. Even assuming, arguendo, that defendant preserved his contention for our review, we conclude that any error with respect to the admission of the testimony on redirect is harmless. The proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the alleged error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Contrary to defendant's further contention, the court did not abuse its discretion in refusing to give an adverse inference charge concerning the failure of the police to record defendant's interrogation. It is well settled that the police have no obligation to record an interrogation (*see People v Childres*, 60 AD3d 1278, 1279 [2009], *lv denied* 12 NY3d 913 [2009]), and that the failure to record a defendant's interrogation electronically does not constitute a denial of due process (*see People v Lomack*, 63 AD3d 1658 [2009], *lv denied* 13 NY3d 798 [2009]; *People v Malave*, 52 AD3d 1313, 1315 [2008], *lv denied* 11 NY3d 790 [2008]). Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.