■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD T. HOLLOWAY, Appellant. [897 NYS2d 373]—

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered January 25, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, burglary in the first degree and attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]), defendant contends that the prosecutor's reason for excluding two prospective jurors in response to his *Batson* challenge, i.e., that individuals who work in the field of education tend to be more "forgiving," was pretextual because the prospective jurors' employment did not relate to the facts of this case. Defendant did not challenge the prosecutor's reason for excluding those prospective jurors on that ground, and he therefore failed to preserve his contention for

our review (*see People v Cooley*, 48 AD3d 1091, 1092 [2008], *lv denied* 10 NY3d 861 [2008]; *People v Brown*, 295 AD2d 442 [2002], *lv denied* 98 NY2d 729 [2002], 99 NY2d 580 [2003]). In any event, we conclude that defendant's contention is without merit. Supreme Court properly determined that the prosecutor provided a race-neutral explanation for excluding the prospective jurors (*see People v Thompson*, 59 AD3d 1115, 1117 [2009], *lv denied* 12 NY3d 852, 860 [2009]).

We further conclude that the court properly denied defendant's request for an adverse inference charge. Defendant requested that charge based on the failure of the police to record his interrogation electronically. "[T]his Court has repeatedly determined[, however,] that the failure to record a defendant's interrogation electronically does not constitute a denial of due process" (*People v Malave*, 52 AD3d 1313, 1315 [2008], *lv denied* 11 NY3d 790 [2008]; *see People v Lomack*, 63 AD3d 1658 [2009], *lv denied* 13 NY3d 798 [2009]; *People v Mendez*, 50 AD3d 1526 [2008], *lv denied* 11 NY3d 739 [2008]), and thus an adverse inference charge was not warranted (*see People v Hammons*, 68 AD3d 1800 [2009]; *People v Mastin*, 261 AD2d 892, 894-895 [1999], *lv denied* 93 NY2d 1022 [1999]). Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.