■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH ROSS, Appellant. [919 NYS2d 526]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered April 15, 2008, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

At about 1:45 A.M. on August 18, 2007, three uniformed police officers were patrolling a Queens neighborhood when they saw a man chasing the defendant down a residential street. When the officers exited their patrol car, the man who had been chasing the defendant stopped to speak to one of them. After making eye contact with a different officer, the defendant ran past the patrol car and into the backyard of private residence. Two of the officers followed the defendant into the backyard, where they found him hiding under a pile of leaves. The defendant was briefly detained and brought to the front of the residence, where the man who had been chasing him identified the defendant as the individual who had just robbed him.

Contrary to the defendant's contention, the police conduct in this case was justified at its inception and reasonably limited in scope at each step in response to the circumstances presented (see People v Sierra, 83 NY2d 928, 930 [1994]; People v De Bour, 40 NY2d 210, 222-223 [1976]; People v Grunwald, 29 AD3d 33, 38 [2006]; People v Dewese, 21 AD3d 426, 426-427 [2005]; People v Reyes, 272 AD2d 244 [2000]; People v Harris, 221 AD2d 366, 367 [1995]; People v Velasquez, 217 AD2d 510, 511 [1995]). Accordingly, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress certain physical evidence recovered from the defendant, as well as identification testimony.

The defendant further contends that the prosecutor's employment-based explanation for striking an African-American prospective juror was a pretext for discrimination in violation of Batson v Kentucky (476 US 79 [1986]) because the prosecutor did not relate the prospective juror's employment as a psycholo-

gist to the specific facts of this case. However, since the defendant did not raise this argument before the trial court, it is unpreserved for appellate review (*see People v Holloway*, 71 AD3d 1486, 1487 [2010]; *People v Bowman*, 58 AD3d 747 [2009]; *People v Brown*, 295 AD2d 442 [2002]; *People v Morrison*, 235 AD2d 553, 554 [1997]). In any event, although consideration of "[w]hether a proffered reason relates to the facts of a case . . . is certainly a factor relevant to a court's determination of pretext," it is not "automatically dispositive" (*People v Hecker*, 15 NY3d 625, 664 [2010]). Upon evaluation of "the totality of all the relevant facts and circumstances" (*id.* at 664), the record supports the trial court's determination to accept the prosecutor's race-neutral explanation for challenging the prospective juror (*id.* at 665; *see People v Linley*, 60 AD3d 696 [2009]; *People v Frederick*, 48 AD3d 382, 383 [2008]; *People v Thompson*, 45 AD3d 876, 877 [2007]; *People v Wilson*, 43 AD3d 1409, 1411 [2007]; *People v Robles*, 28 AD3d 233 [2006]). Skelos, J.P., Eng, Belen and Hall, JJ., concur.