█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BOYCE, Appellant. [988 NYS2d 262]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered April 19, 2010, convicting him of rape in the third degree and forcible touching, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the People violated their disclosure obligations pursuant to *Brady v Maryland* (373 US 83 [1963]) relies on factual assertions outside of the record and, thus, is not reviewable on direct appeal (*see People v Krivoi*, 81 AD3d 978, 979 [2011]; *People v Helenese*, 75 AD3d 653 [2010]; *People v Valdes*, 66 AD3d 925 [2009]; *People v Reyes*, 60 AD3d 873 [2009]).

In addition, to the extent that the defendant contends that he was deprived of the effective assistance of counsel because his attorney rejected his request to testify on his own behalf, his contention is based on matter dehors the record and is not reviewable on direct appeal (*see People v Washington*, 71 AD3d 1064, 1065 [2010]; *People v Krebs*, 11 AD3d 713 [2004]; *People v Pozo*, 285 AD2d 520 [2001]; *People v Bennett*, 284 AD2d 338 [2001]; *People v Santana*, 279 AD2d 641 [2001]).

The defendant's contention that the prosecutor struck a juror on racially discriminatory grounds is unpreserved for appellate review (*see People v Ross*, 83 AD3d 741, 742 [2011]; *People v Lemay*, 69 AD3d 757, 758 [2010]) and, in any event, is without merit (*see People v Ortiz*, 61 AD3d 706 [2009]; *People v Quito*, 43 AD3d 411, 412 [2007]).

The defendant also failed to raise a timely challenge to the seating of Juror No. 5 when the juror disclosed during voir dire that she had sued her boss for sexual harassment (*see* CPL 270.20 [1] [c]). Therefore, to the extent that the defendant's claim of juror bias arises out of matter appearing on the record, he waived such objection (*see* CPL 270.15 [4]; *People v Ames*, 96 AD3d 867 [2012]; *People v Sellers*, 295 AD2d 629 [2002]; *People ex rel. Green v La Vallee*, 55 AD2d 958 [1977]). To the extent that the defendant's claim is based on matter dehors the record, it is not reviewable on direct appeal (*see* CPL 440.10; *People v Kirk*, 96 AD3d 1354, 1359 [2012]; *People v Kaplan*, 223 AD2d 364 [1996]).

The defendant's contention that the Supreme Court unfairly marshaled the evidence in its jury charge is unpreserved for appellate review (*see People v Lawson*, 22 AD3d 602 [2005]) and, in any event, is without merit (*see People v McManus*, 208 AD2d 866 [1994]; *cf. People v Chambers*, 73 AD2d 976 [1980]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.