■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTON RUBIN, Appellant. [39 NYS3d 74]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered April 16, 2014, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defendant raised a *Batson* objection (*see Batson v Kentucky*, 476 US 79 [1986]) to the prosecutor's exercise of a peremptory challenge to strike a black prospective juror. After the prosecutor proffered a facially race-neutral explanation for striking the prospective juror, the County Court accepted his explanation, and denied the defendant's *Batson* objection. The defendant did not object to the County Court's acceptance of the prosecutor's explanation, and did not articulate any reason why he believed that the explanation was pretextual. Accordingly, his present contention that the prosecutor's explanation was pretextual is unpreserved for appellate review (*see People v James*, 99 NY2d 264, 272 [2002]; *People v Larkins*, 128 AD3d 1436, 1441 [2015]; *People v Tucker*, 22 AD3d 353 [2005]; *People v Figueroa*, 276 AD2d 561, 562 [2000]). In any event, there is no basis to disturb the County Court's determination that the race-neutral explanation provided by the prosecutor for striking the prospective juror was not pretextual (*see People v Hecker*, 15 NY3d 625 [2010]; *People v Tucker*, 131 AD3d 713, 714 [2015]; *People v Perkins*,

124 AD3d 915, 916 [2015], *lv granted* 25 NY3d 1205 [2015]; *People v English*, 119 AD3d 706 [2014]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court properly permitted the records custodian of a cellular phone company to testify regarding the movement of the defendant's phone during a call made shortly before the victim was killed. The challenged testimony, which was based on records showing the proximity of the phone to particular cell towers, was within the record custodian's knowledge and experience (*see People v Paige*, 68 AD3d 609, 610 [2009]; *see also United States v Fama*, 2012 WL 6102700, 2012 US Dist LEXIS 174887 [ED NY, Dec. 10, 2012, No. 12-CR-186 (WFK)]. The defendant's additional claim that his cell phone records were improperly admitted on the ground that the prosecution did not obtain them in accordance with the Stored Communications Act (*see* 18 USC § 2703 [d]) is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, contrary to the defendant's contention, the record demonstrates that the prosecution properly obtained his cell phone records by court order issued pursuant to the Stored Communications Act (*see People v Sorrentino*, 93 AD3d 450, 451 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Leventhal, Maltese and Connolly, JJ., concur.