■ The People of the State of New York, Respondent, v Joel Herrera, Appellant. [58 NYS3d 319]—

Judgment, New York County (Carol Berkman, J. at suppression hearing; A. Kirke Bartley, Jr., J. at first part of trial; Jill Konviser, J. at second part of trial and sentencing), rendered June 26, 2012, convicting defendant of manslaughter in the first degree and gang assault in the first degree, and sentencing him to concurrent terms of 20 years, unanimously affirmed.

The court properly denied defendant's motion to suppress statements and physical evidence. The totality of the chain of information known to the police (*see generally People v Shulman*, 6 NY3d 1, 26 [2005]), notably including defendant's false explanation for, and attempt to conceal, his bloody condition, provided probable cause for his arrest, notwithstanding the inability of two witnesses to identify him at the scene. Defendant's statements were voluntary under all the circumstances, and the police did not use any tactics designed to overbear defendant's will (*see Arizona v Fulminante*, 499 US 279, 288 [1991]; *People v Anderson*, 42 NY2d 35, 41 [1977]).

Defendant did not preserve his claim that he invoked his right of silence, and we decline to review it in the interest of justice. As an alternative holding, we find that when viewed in context, the comments cited by defendant did not constitute unequivocal invocations of the right to remain silent or requests that the interview be terminated (*see People v Cole*, 59 AD3d 302 [1st Dept 2009], *lv denied* 12 NY3d 924 [2009]).

The court presiding over the latter portions of the trial (when the first justice became unavailable) providently exercised its discretion in denying defendant's mistrial motion made after the prosecutor asked about defendant's gang nickname. Defendant never answered the question, which was immediately stricken from the record, and the court's instructions were sufficient to avoid any prejudice (*see People v McCaa*, 16 AD3d 139 [1st Dept 2005], *lv denied* 5 NY3d 765 [2005]). The record does not establish that the prosecutor's question was a deliberate violation of a *Sandoval* ruling. Defendant's other argument about the prosecutor's cross-examination is unavailing.

Defendant's general objections failed to preserve his challenges to portions of an expert's testimony and to a related portion of the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that defendant opened the door to the challenged matters.

We perceive no basis for reducing the sentence. Concur—

Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.