People v Burgess (2018 NY Slip Op 01732)





People v Burgess


2018 NY Slip Op 01732


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


195 KA 14-01100

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NEKIA R. BURGESS, DEFENDANT-APPELLANT. 






KIMBERLY J. CZAPRANSKI, FAIRPORT, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered June 5, 2014. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). By failing to move for a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (see People v Scott, 60 AD3d 1396, 1397 [4th Dept 2009], lv denied 12 NY3d 821 [2009]). Contrary to defendant's contention, his CPL 330.30 motion did not preserve the issue for our review (see People v Malave, 52 AD3d 1313, 1314 [4th Dept 2008], lv denied 11 NY3d 790 [2008]). In any event, that contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence at trial established that two police officers observed defendant engage in what appeared to be a hand-to-hand drug transaction with a man in a red jacket. The police found drugs stashed on the ground next to a log, in the same location where the officers had observed defendant kneeling down before handing something to the man in the red jacket. When defendant was arrested, the police found crumpled bills in his front right pocket, which was consistent with drug dealers quickly taking money and stuffing it into their pockets. We conclude that there is a "valid line of reasoning and permissible inferences that could lead a rational person to conclude that every element of the charged crime has been proven beyond a reasonable doubt" (People v Delamota, 18 NY3d 107, 113 [2011]). Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant's contention that County Court erred in failing to consider the lesser included offense of criminal possession of a controlled substance in the seventh degree is not preserved for our review (see People v Youngs, 101 AD3d 1589, 1590 [4th Dept 2012], lv denied 20 NY3d 1105 [2013]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was denied effective assistance of counsel. Counsel's failure to pursue a probable cause hearing or make a motion for a trial order of dismissal does not constitute ineffective assistance of counsel inasmuch as such motions had little or no chance of success (see People v Galens, 111 AD3d 1322, 1323 [4th Dept 2013], lv denied 22 NY3d 1088 [2014]; People v Murray, 7 AD3d 828, 830-831 [3d Dept 2004], lv denied 3 NY3d 679 [2004]; see generally People v Caban, 5 NY3d 143, 152 [2005]). Defense counsel's stipulation that the substance recovered by the police was cocaine was a matter of trial strategy inasmuch as defendant called a witness who testified that the cocaine belonged to him [*2](see generally People v Benevento, 91 NY2d 708, 712 [1998]). Likewise, defense counsel's failure to object to the admission of certain photographs was a matter of strategy inasmuch as she used those photographs to challenge the vantage point of the officers when they conducted the surveillance. We have examined the remaining allegations of ineffective assistance of counsel raised by defendant and conclude that they lack merit (see generally People v Baldi, 54 NY2d 137, 147 [1981]). We have considered defendant's remaining contentions and conclude that they are also without merit.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court