People v Webb (2018 NY Slip Op 08701)





People v Webb


2018 NY Slip Op 08701


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2015-00220
 (Ind. No. 10430/13)

[*1]The People of the State of New York, respondent,
v Wanji Webb, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Willliam H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered December 3, 2014, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the prosecutor's explanation for striking a prospective juror was a pretext for intentional discrimination is unpreserved for appellate review because "[t]he defendant did not object to the [Supreme] Court's acceptance of the prosecutor's [facially race-neutral] explanation, and did not articulate any reason why he believed that the explanation was pretextual" (People v Rubin, 143 AD3d 846, 846; see People v Ross, 83 AD3d 741, 741-742; People v Holloway, 71 AD3d 1486, 1486-1487; People v Bowman, 58 AD3d 747, 747; People v Morrison, 235 AD2d 553, 554). In any event, viewing the totality of the relevant circumstances, the record demonstrates that the prosecution's race-neutral explanation was not pretextual (see Batson v Kentucky, 476 US 79; People v Hecker, 15 NY3d 625; People v Terrell, 149 AD3d 1108, 1108).
The defendant's claim of ineffective assistance of counsel is unavailing, because he has failed to " demonstrate the absence of strategic or other legitimate explanations for counsel's failure'" (People v Barboni, 21 NY3d 393, 405-406, quoting People v Rivera, 71 NY2d 705, 709) to exercise a for-cause challenge against a certain juror. Viewing defense counsel's performance as a whole, the defendant was provided with meaningful representation (see People v Walker, 141 AD3d 678; People v Pringle, 136 AD3d 1061; People v Myers, 117 AD3d 755).
The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is without merit. Most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair responses to arguments made by defense counsel in summation or fair comments on the evidence (see People v Halm, 81 NY2d 819, 821; People v Galloway, 54 NY2d 396, 399-401; People v Ashwal, 39 NY2d 105, 109-110). To the extent that some of the prosecutor's comments were improper, they were not so egregious as to have deprived the defendant of a fair trial (see People v [*2]Portes, 125 AD3d 794; People v Stevens, 114 AD3d 969; People v Tiro, 100 AD3d 663).
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court