People v Carlton (2023 NY Slip Op 03928)

People v Carlton

2023 NY Slip Op 03928

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-00611
 (Ind. No. 2365/18)

[*1]The People of the State of New York, respondent, 
v
Victor A. Carlton, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 17, 2019, convicting him of robbery in the first degree (three counts) and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.
ORDERED that the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed.
The defendant contends that the prosecutor's explanation for exercising a peremptory challenge to strike a prospective juror—i.e., that she lacked an understanding of the proceeding—was a pretext for intentional discrimination. This contention is unpreserved for appellate review because "[t]he defendant did not object to the County Court's acceptance of the prosecutor's [facially race-neutral] explanation, and did not articulate any reason why he believed that the explanation was pretextual" (People v Rubin, 143 AD3d 846, 846; see People v Webb, 167 AD3d 953; People v Ross, 83 AD3d 741, 741-742). The defendant further contends that the prosecutor's explanation for exercising a peremptory challenge to strike another prospective juror on the basis that she was employed as a social worker, was a pretext for intentional discrimination, since the prosecutor did not strike subsequently other prospective jurors on that basis. This contention is also unpreserved for appellate review as the defendant did not renew his Batson challenge (see Batson v Kentucky, 476 US 79) after the prosecutor later failed to challenge prospective jurors with allegedly similar employment and provide the People an opportunity to address the claim (see People v Johnson, 195 AD3d 1510, 1512; People v May, 173 AD3d 1435, 1436; People v Jiles, 158 AD3d 75, 79). In any event, viewing the totality of the relevant circumstances, the record demonstrates that the defendant failed to meet his burden of demonstrating that the reasons offered by the People for striking the jurors were pretextual (see People v Hecker, 15 NY3d 625, 664-665; People v Williams, 177 AD3d 1178, 1182; People v May, 173 AD3d at 1436; People v Johnson, 171 AD3d 1089, 1090; People v Ross, 83 AD3d at 742).
The defendant's contention that he was deprived of a fair trial because of an interpreter's allegedly inaccurate translation of a witness's testimony is without merit. As the County Court conducted a searching inquiry into the accuracy of the interpreter's translation of the witness's answer, and there was no showing of an error made by the interpreter, much less a serious error, the court providently exercised its discretion in denying the defendant's motion for a mistrial [*2]and in determining that the interpreter was competent (see People v Griffin, 203 AD3d 1608, 1611; People v Chowdhury, 180 AD3d 455, 456; People v Noor, 302 AD2d 480).
The defendant's contention that his convictions of robbery in the first degree are not supported by legally sufficient evidence is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's conviction of unlawful possession of marihuana became a nullity by operation of law, independently of any appeal, and without requiring any action by this Court (see CPL 160.50[5]; People v Biggs, 208 AD3d 1340, 1346; People v Hay, 207 AD3d 748, 749). Consequently, the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana must be dismissed as academic (see People v Biggs, 208 AD3d at 1346; People v Hay, 207 AD3d at 749).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court