■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENGO VELASQUEZ, Appellant.—Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered November 15, 1991, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree, grand larceny in

the fourth degree, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the fourth degree, and menacing, and sentencing him to concurrent prison terms of 7 to 21 years, 5 to 15 years, 3 to 9 years, 1 year, 1 year, and 90 days, respectively, unanimously affirmed.

During deliberations, the jury inquired whether one defendant could be guilty and the other not guilty of robbery in the first degree, if they were acting in concert. The trial court, after consulting with counsel, responded in the negative, and gave a supplemental instruction, that re-read the main charge on accessorial liability and acting in concert. Since defense counsel did not object to either the court's answer or its supplemental instruction, defendant's argument that the response was erroneous is not preserved for review as a matter of law (CPL 470.05 [2]; *People v Velez,* 186 AD2d 392), and we decline to reach it in the interest of justice. Were we to consider this argument, we would find it without merit *(People v Steinberg,* 79 NY2d 673, 684). Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.