■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DIAZ, Appellant. [625 NYS2d 120] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered January 14, 1991, convicting defendant, after jury trial, of murder in the second degree (two counts), attempted murder in the second degree, attempted robbery in the first degree, and assault in the first degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 25 years to life on the murder counts and 7½ to 15 years on the assault and attempted robbery counts, and to a term of 12½ to 25 years on the attempted murder count, to run consecutively to the sentences imposed on the murder counts, but concurrent to all other counts, and order of the same court and Justice entered March 14, 1994, denying defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The tentative lineup identification of defendant by the murder victim's wife did not preclude a finding of independent source and would properly go to the weight accorded the in-court identification, rather than its admissibility *(see, People v McCullers,* 40 AD2d 796, *affd* 33 NY2d 806). The witness' subsequent inadvertent stationhouse viewing of defendant, which resulted in a second tentative identification due to the witness' expressed state of physical and emotional distress,

cannot negate the circumstances that the witness had extended opportunity to observe defendant before and during the incident, providing an independent source out of which the witness recognized defendant on the street 12 days after the incident, pointed him out to the police, and identified him again at the pretrial suppression hearing *(see, People v Johnson,* 167 AD2d 298, *lv denied* 77 NY2d 907).

To the extent defendant objected to the inadvertent references to defendant's presence near the scene of the crime immediately prior thereto by a witness whose in-court identification had been precluded, the trial court appropriately exercised its discretion in ruling that defendant was not so prejudiced that a mistrial was required *(People v Ortiz,* 54 NY2d 288, 292). Further, it is presumed that the jury understood and followed the court's instructions to disregard the witness' gestures or other references involving defendant as irrelevant to the issues at bar *(People v Davis,* 58 NY2d 1102, 1104).

Reversal is not warranted on the ground that the People failed to produce a police-generated arrest form, as the People adequately explained the loss of the document for trial purposes, there is no showing of prejudice to defendant from the loss of the essentially administerial form, and the trial court was not required to impose a sanction, let alone declare a mistrial *(see, People v Hernandez,* 189 AD2d 634, 635, *lv denied* 81 NY2d 887).

As the Medical Examiner's worksheet, a record generated by the Office of the Chief Medical Examiner, does not constitute *Rosario* material, the People were not required to provide it to the defense *(People v Nova,* 206 AD2d 132; *People v Smith,* 206 AD2d 102).

The trial court sustained defendant's objections and struck improper questions and/or responses in connection with the prosecutor's direct and cross-examination of witnesses. The court's prompt curative instructions, presumably understood and followed by the jury, obviated any undue prejudice to defendant *(People v Davis, supra).* Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.