■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROSALES, Appellant. [628 NYS2d 656] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered April 19, 1991, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 25 years to life, 5 to 15 years, and $2^1/3$ to 7 years, respectively, unanimously affirmed.

Defendant's claim regarding the propriety of reopening the *Wade* hearing and conducting an independent source hearing during the trial, even though the witness had already made an in-court identification of defendant, is unpreserved (*People v Correa*, 200 AD2d 415, *lv denied* 83 NY2d 850), and we decline to review it in the interest of justice. If we were to review it, we would find that it was proper for the trial court to reopen the *Wade* hearing since additional pertinent information was adduced at trial regarding the propriety of a precinct viewing by the witness (CPL 710.40 [4]), and once the testimony established that the viewing was unduly suggestive, to conduct an independent source hearing (*People v Diaz*, 213 AD2d 353;

*People v Dixon*, 85 NY2d 218, 225). Furthermore, the record supports the trial court's determination that the witness' viewing of defendant in his neighborhood prior to the incident and at the time of the shooting, coupled with his selection of defendant from a photo array prior to his inadvertent encounter with defendant at the precinct, amply demonstrated the existence of an independent source for his in-court identification, despite any minor discrepancies in his testimony (*People v Ramos*, 42 NY2d 834).

Defendant's contention that the court erred when it instructed the jury on acting-in-concert, although the indictment charged him as a principal, is unpreserved for review (*People v Velasquez*, 188 AD2d 394, *lv denied* 81 NY2d 795), and in any event is without merit (*see, People v Rivera*, 84 NY2d 766, 769).

We have considered defendant's remaining claims, including those raised in his supplemental *pro se* brief, and find them to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.