■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE MENA, Appellant. [704 NYS2d 14] —Judgment, Supreme

Court, Bronx County (Dominic Massaro, J.), rendered May 5, 1995, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, assault in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life, 7½ to 15 years, 3½ to 7 years, 3½ to 7 years, and 2½ to 5 years, unanimously affirmed.

Judgment, same court and Justice, rendered May 5, 1995, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years to be served concurrently with the above-mentioned sentences, unanimously reversed, on the law, the motion to suppress physical evidence granted, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

The People properly introduced uncharged crimes evidence and properly argued to the jury that this evidence tended to establish motive. The People established that both defendant and the victim were drug dealers who sold drugs at the same location. Moreover, on the day before the murder, the two men were observed having a conversation and making gestures that suggested a heated argument. We conclude that this evidence permitted the jury to draw a reasonable inference, without resort to speculation, that the murder was motivated by a territorial dispute among competing drug dealers (*see, People v Vasquez*, 208 AD2d 416, *lv denied* 85 NY2d 915).

Defendant's suppression motion should have been granted. The People did not meet their burden of coming forward to show that the arresting detective's warrantless search of the locked, impounded car fell within the plain view exception, the only theory relied upon by the People at the suppression hearing (*see, Arizona v Hicks*, 480 US 321). Therefore, the narcotics, which formed the basis for defendant's indictment for criminal possession of a controlled substance in the third degree, should have been suppressed. Although the drugs were introduced as evidence in defendant's murder trial, we find the error to be harmless beyond a reasonable doubt. There was overwhelming evidence of defendant's guilt, which included testimony from an eyewitness who knew defendant. The drugs

represented a minor portion of the motive-related evidence, which, in turn, was only a component of the People's case.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ.