■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SADLER, Appellant. [721 NYS2d 510] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered July 29, 1998, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts), assault in the second and third degrees and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to three terms of 12 years, a term of 7 years and two terms of 1 year, all to be served concurrently, unanimously affirmed.

Defendant was not deprived of a fair trial by the arresting officer's testimony that, at the time of his arrest, defendant used a name which the officer understood to be "Sadmil," rather than "Sadler." This was relevant to explain the officer's references to defendant as "Sadmil" in his paperwork and testimony (*see, People v Campisi*, 213 AD2d 186, 187, *lv denied* 86 NY2d 780; *People v Theiss*, 198 AD2d 17, *lv withdrawn* 82 NY2d 931). In any event, were we to find any error in the receipt of this testimony, we would find it harmless in view of the overwhelming evidence of defendant's guilt.

Defendant's claim pursuant to *Batson v Kentucky* (476 US 79) is unpreserved (*see, People v Buckley,* 75 NY2d 843), and we decline to review it in the interest of justice. Contrary to defendant's present argument, the record reflects that defendant and his codefendants acted jointly with respect to exercising challenges (*see,* CPL 270.25 [3]), but not with respect to making *Batson* applications. Were we to review this claim, we would find that the record, particularly as it relates to the racial makeup of the panel, supports the court's determination that there was no prima facie showing of intentional discrimination in the prosecution's exercise of its peremptory challenges (*see, People v Rodriguez,* 258 AD2d 270, *lv denied* 93 NY2d 902). Concur—Sullivan, P. J., Nardelli, Williams, Saxe and Friedman, JJ.