■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY KEMPSEY, Appellant. [730 NYS2d 740] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered April 22, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied his right to be present during a material stage of the trial when the Supreme Court questioned two sworn jurors in chambers in the defense counsel's presence. The record indicates that the inquiries pertained to one juror's knowledge of martial arts and the other juror's concern that some of the jury members had discussed the opening statements. The nature and scope of these inquiries had no bearing on the defendant's guilt or innocence (*see, People v Torres,* 80 NY2d 944, 945; *People v Mitchell,* 80 NY2d 519, 526; *People v Darby,* 75 NY2d 449, 453; *People v Mullen,* 44 NY2d 1, 6; *People v Crossland,* 251 AD2d 509).

The defendant's contention that he received ineffective assistance of counsel is without merit (*see, People v Benevento,* 91 NY2d 708).

The defendant's remaining contention, raised in his supplemental *pro se* brief, is unpreserved for appellate review, and in any event, is without merit. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON LABBAY, Appellant. [730 NYS2d 722] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered June 27, 2000, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.