■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUNCE SMITH, Appellant. [737 NYS2d 591] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered April 5, 1999, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 32 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion made after two jurors reported that a spectator had accosted them and unsuccessfully sought their opinion of the case, and that this communication had caused them some discomfort. After a thorough inquiry of these two jurors as well as of the remaining jurors, who had learned of this incident, the court properly determined that no significant communication had taken place and that the incident would not affect the ability of any jurors to reach an impartial verdict (*see, People v Lopez*, 222 AD2d 610, *lv denied* 88 NY2d 988; *People v Espinal*, 183 AD2d 407, 408, *lv denied* 80 NY2d 830).

The court properly exercised its discretion in admitting evidence suggesting a drug-related motive for the shooting, since its probative value outweighed its prejudicial effect (*see, People v Mena*, 269 AD2d 147, *lv denied* 95 NY2d 800). The alleged remoteness of the motive and the witness's contradictory testimony as to whether or not she was testifying on the basis of her personal observation were factors affecting the weight, rather than the admissibility, of this evidence. (*See, People v Lovacco*, 234 AD2d 55, *lv denied* 89 NY2d 1096.)

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Concur—Tom, J.P., Sullivan, Rosenberger, Wallach and Buckley, JJ.