■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant. [738 NYS2d 844] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered June 26, 1998, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts) and assault in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 11 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion based on misconduct by a codefendant in the presence of the jury. The court conducted thorough inquiries of the individual jurors, which established that the codefendant's courtroom behavior had no prejudicial effect on defendant, and delivered thorough curative instructions (see, People v Smith, 290 AD2d 391).

The court properly exercised its discretion in denying defendant's mistrial motion based on a police witness's fleeting reference to a positive identification made by the victim in response to a question by codefendant's counsel on cross-examination. The officer's response was cut off in mid-sentence, and the court struck the offending testimony and delivered a curative instruction that was sufficient to prevent any prejudice (see, People v Berg, 59 NY2d 294, 299-300).

Defendant's claim pursuant to Batson v Kentucky (476 US 79) is both procedurally and substantively identical to a claim rejected by this Court on a codefendant's appeal (People v Sadler, 281 AD2d 152, lv denied 96 NY2d 867). We find defendant's claim to be both unpreserved and unavailing for the reasons stated in this Court's prior decision.

Viewing the record as a whole, we find that defendant received meaningful representation (see, People v Benevento, 91 NY2d 708, 713-714).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Buckley, Ellerin, Lerner and Rubin, JJ.