■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCAS GONZALEZ, Appellant. [744 NYS2d 382] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 14, 1998, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 10 years to life, unanimously affirmed.

There was no violation of defendant's right to prompt sentencing (*see, People v Drake*, 61 NY2d 359, 364-367; *Matter of Weinstein v Haft*, 60 NY2d 625). Although there was a lengthy delay between trial and sentencing, the record supports the sentencing court's conclusion that the delay had two principal causes: first, defendant's complex posttrial applications, including attacks on his persistent felony offender status that required prolonged efforts to obtain minutes of prior convictions, and second, defense counsel's serious and ultimately fatal illness. We note that at one point in the posttrial proceedings defendant was provided with new counsel because of his attorney's ill health, but defendant insisted that his original attorney continue with the case despite her condition.

The record fails to support defendant's claim that the delay in his sentencing frustrated his ability to effectively appeal from his conviction. The minutes and documents that defendant claims to be lost are not missing at all, or never existed in the first place. Defendant's claim rests largely on unwarranted assumptions and inferences as to minutes or documents that supposedly should have existed.

Since defendant made no speedy trial motion of any kind, his claims that his statutory and constitutional rights to a speedy trial were violated are unpreserved (*People v Jordan*, 62 NY2d 825), and we decline to review them in the interest of justice. Furthermore, these claims are unreviewable because defendant has not included the minutes of relevant adjournments in the record on appeal (*see, People v Olivo*, 52 NY2d 309); none of these minutes are among those claimed by defendant to be "lost." In any event, on the record before us, we conclude that the pretrial delay was primarily at defendant's request or with his consent, and was caused by pretrial motions and hearings

of extraordinary length. Accordingly, there was no violation of defendant's statutory or constitutional speedy trial rights (*see*, CPL 30.30 [4] [a], [b]; *People v Taranovich*, 37 NY2d 442, 445).

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility.

The court properly denied defendant's application for a missing witness charge concerning a detective who had interviewed the victims shortly after the crime. This application was untimely and failed to establish a proper foundation for a missing witness charge (*see*, *People v Gonzalez*, 68 NY2d 424). There is no basis for defendant's claim that the People prevented him from calling this officer as a defense witness.

The court properly exercised its discretion in denying defendant's request for a mistrial based upon the very brief, obscure and ambiguous, nonspecific and inadvertent reference by one of the victims to a suppressed identification, and the court's curative actions were sufficient to prevent any prejudice (*see*, *People v Santiago*, 52 NY2d 865). The court also properly exercised its discretion in precluding defendant from introducing alleged prior inconsistent statements for which defendant failed to lay a proper foundation (*see*, *People v Wise*, 46 NY2d 321, 326; *People v Duncan*, 46 NY2d 74, 80-81, *cert denied* 442 US 910). Defendant received a sufficient opportunity to display to the jury certain relevant aspects of his physical appearance.

The record demonstrates that defendant received meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 713-714).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Buckley, Ellerin, Rubin and Gonzalez, JJ.