■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TISLAM WILLIAMS, Appellant. [757 NYS2d 751] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered July 27, 2000, convicting defendant of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 10 and 7 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of identification and credibility, including the weight to be given to inconsistencies in testimony and the victim's initial inability to make an in-court identification, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]).

Since the allegedly suggestive confrontation between defendant and the victim took place during the trial itself and after the victim had unexpectedly failed to identify defendant, the court properly conducted a midtrial independent source hearing (*see People v Rosales*, 216 AD2d 162 [1995], *lv denied* 86 NY2d 846 [1995]), and the record supports its independent source finding. The court had no basis upon which to grant defendant's motions for a trial order of dismissal or a mistrial.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the prosecutor gave nondiscriminatory reasons that were not pretextual for the challenges in question. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Marlow, JJ.