■ The People of the State of New York, Respondent, v Zebadiah Hart, Appellant. [844 NYS2d 1]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered May 20, 2002, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, and order, same court and Justice, entered December 14, 2006, which denied defendant's CPL 440.10 motion to vacate the judgment and CPL 440.20 motion to set aside the sentence, unanimously affirmed.

The motion court properly denied those portions of defendant's CPL 440.10 motion asserting violations of *Brady v Mary-*

*land* (373 US 83 [1963]). The People failed to disclose a wiretapped conversation that occurred prior to the crime at issue, in which persons unconnected to defendant plotted to kill the victim. However, this tape's exculpatory value was completely negated by another taped conversation, occurring after the shooting, in which the plotters celebrated the fact that someone *else* had shot the victim, causing life-threatening injuries that would hopefully render their conspiracy unnecessary. This conversation unequivocally established that the plotters were not responsible for the shooting, and we reject defendant's suggestion that it was subject to multiple interpretations presenting a question that should have been resolved by the jury.

Furthermore, the People did not mislead the jury and defendant about the victim's expectation or receipt of a benefit for his testimony in the instant case. The victim also testified in a murder case, and the prosecutor assigned to that case wrote a letter to a federal judge before whom the victim was appearing for sentencing in a weapon case. The letter related, in detail, the victim's assistance to the prosecution in the murder case, and only incidentally mentioned that the victim had also testified, in his capacity as a complainant, in the instant attempted murder case. There was nothing in this letter that was inconsistent with the testimony given at the instant trial by the victim and the homicide prosecutor, or any other information disclosed to defendant and the jury.

Were we to find that the People violated any disclosure obligations with respect to the wiretap evidence, the letter to the federal judge, or both, we would find that there was not even a reasonable possibility that the nondisclosures contributed to the verdict (*see People v Vilardi*, 76 NY2d 67, 77 [1990]), particularly in light of the overwhelming evidence of guilt. In addition to the victim's testimony, there was another identifying eyewitness, as well as evidence that defendant made admissions to two other persons.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel's error in revealing to the jury defendant's allegedly "violent" nickname was not particularly prejudicial under the circumstances of the case (*cf. People v Santiago*, 255 AD2d 63, 66 [1999], *lv denied* 94 NY2d 829 [1999]). Defendant's remaining ineffective assistance arguments are without merit.

The trial court properly exercised its discretion in receiving evidence of defendant's drug dealing in order to provide necessary background information, to place the testimony regarding

the shooting in context, and to establish defendant's motive for shooting the victim (*see People v Mena*, 269 AD2d 147 [2000], *lv denied* 95 NY2d 800 [2000]). The probative value of this evidence outweighed any prejudicial effect.

Defendant's constitutional challenge to the procedure under which he was adjudicated a persistent violent felony offender is without merit (*see Almendarez-Torres v United States*, 523 US 224 [1998]). His claim that his 1994 conviction should not have been counted as a predicate violent felony is procedurally barred (*see* CPL 400.15 [7] [b]; [8]) and, in any event, meritless.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.