■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHEOLSOON KO, Appellant. [10 NYS3d 207]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered March 12, 2014, as amended April 7, 2014, convicting defendant, after a jury trial, of burglary in the second degree as a sexually motivated felony (two counts), burglary in the second degree (two counts), sexual abuse in the first degree and attempted sexual abuse in the first degree, and sentencing him to an aggregate term of four years, unanimously affirmed.

Although defendant's allegation that the prosecution failed to declare readiness within the statutorily prescribed time period was sufficient to meet his initial burden on his CPL 30.30 motion, defendant's speedy trial arguments are unpreserved (*see People v Beasley*, 16 NY3d 289, 292 [2011]), and we decline to review them in the interest of justice.

As an alternative holding, after considering all of defendant's submissions, including his reply, whether timely or otherwise, we find no violation of defendant's right to a speedy trial. The June 25, 2013 adjournment was excludable as a reasonable period of delay resulting from pretrial motions (*see* CPL 30.30 [4] [a]), the November 15, 2013 adjournment was excludable because the People filed a valid certificate of readiness followed by an in-court declaration of readiness, and neither exclusion was affected by the People's brief delay in submitting grand jury minutes. We have considered and rejected defendant's remaining arguments relating to the speedy trial motion.

The court responded meaningfully to the deliberating jury's inquiry concerning the voluntariness of his confession (*see People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 301-302 [1982]). The court properly exercised its discretion in reading pertinent portions of the Criminal Jury

Instructions clearly stating that, in order to consider defendant's confession, the jury was required to find from all

the evidence that he understood the rights he was waiving. This was sufficient to address the concern expressed in the jury's note. Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.