People v Tucker (2015 NY Slip Op 06686)





People v Tucker


2015 NY Slip Op 06686


Decided on August 26, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2013-07272
 (Ind. No. 1684-11)

[*1]The People of the State of New York, respondent,
v
Cordell Tucker, appellant.


Robert C. Mitchell, Riverhead, N.Y. (Louis E. Mazzola of counsel), for appellant.
Thomas J. Spota, District Attorney, Riverhead, N.Y. (Rosalind C. Gray of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Camacho, J.), rendered June 27, 2013, convicting him of manslaughter in the second degree, unlawful fleeing a police officer in a motor vehicle in the first degree, assault in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The County Court properly denied the defendant's Batson challenge (see Batson v Kentucky, 476 US 79) to the prosecutor's exercise of a peremptory challenge to exclude a prospective African-American juror. The County Court's determination that the facially neutral explanation provided by the prosecutor for excluding this prospective juror was not pretextual, which is entitled to great deference on appeal, is supported by the record (see People v Hecker, 15 NY3d 625, 656, 663-665; People v Adams, 118 AD3d 717; People v Smith, 98 AD3d 533, 534; People v Waters, 81 AD3d 673, 673-674).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of manslaughter in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
For his conviction of assault in the second degree, the defendant was sentenced to a determinate term of imprisonment of seven years plus three years of postrelease supervision. However, the Uniform Sentence and Commitment form transposed the sentence imposed for assault in the second degree with the sentence imposed for fleeing a police officer in a motor vehicle in the [*2]first degree. The Uniform Sentence and Commitment form was later amended to reflect the sentence actually imposed by the court at sentencing, without producing the defendant for resentencing. Contrary to the defendant's contention, this procedure was proper (see People v Marks,128 AD3d 852; People v Mercado, 74 AD3d 990; cf. People v Haywood, 124 AD3d 798).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
ENG, P.J., HALL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court