■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CERUTI, Appellant. [38 NYS3d 909]—Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Queens County, rendered October 25, 2011, which was determined by decision and order of this Court dated October 14, 2015.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted, and, upon reargument, the decision and order of this Court dated October 14, 2015 (*People v Ceruti*, 132 AD3d 776 [2015]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered October 25, 2011, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court's determination, in effect, that the facially neutral explanation

provided by the prosecutor for excluding the prospective juror was not pretextual, is entitled to great deference on appeal, and is supported by the record (*see People v Tucker*, 131 AD3d 713 [2015]).

The defendant's remaining contentions are without merit. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.