■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TION TULLOCK, Appellant. [50 NYS3d 135]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered January 6, 2015, convicting him of criminal sex act in the first degree, robbery in the first degree as a sexually motivated felony, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in denying his motion for a mistrial based on a brief and unsolicited reference to an inadmissible lineup identification during a complainant's testimony. At any time during a trial, upon motion of the defendant, the court must declare a mistrial and order a new trial, "when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives him of a fair trial" (CPL 280.10 [1]). The decision whether to declare a mistrial rests within the sound discretion of the trial court (*see People v Wakefield*, 212 AD2d 649, 649 [1995]). Here, the court providently exercised its discretion in denying the defendant's motion for a mistrial on

the basis of the complainant's testimony regarding her identification of the defendant in a lineup which had previously been suppressed, where the testimony was elicited inadvertently, and the court struck the testimony from the record, informed the jury that it had found the lineup to be unconstitutional, and repeatedly directed the jury to disregard the challenged testimony (*see People v Hakmoun*, 232 AD2d 243 [1996]; *People v Brown*, 136 AD2d 1 [1988]; *see also People v Gonzalez*, 295 AD2d 264 [2002]; *People v Diaz*, 213 AD2d 353 [1995]).

The Sixth Amendment to the United States Constitution guarantees that an accused shall enjoy the right to trial by an impartial jury and to be confronted by adverse witnesses (*see Parker v Gladden*, 385 US 363, 364 [1966]). Here, the Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial based on an incident in which a court officer spoke to a juror about the presence of the defendant and his codefendant in the lobby of the courthouse after which the juror spoke to other jurors about the incident. The incident did not deprive the defendant of his Sixth Amendment rights, since the court questioned each juror individually with regard to the incident, was assured by each juror that he or she could remain fair and impartial, discharged the juror to whom the court officer spoke, and informed the remaining jurors that there had been no improper conduct by the defendant or his codefendant related to the incident (*see People v Sher*, 24 NY2d 454 [1969]; *People v Wakefield*, 212 AD2d 649 [1995]; *People v Konigsberg*, 137 AD2d 142 [1988]; *People v Goldfeld*, 60 AD2d 1 [1977]; *cf. Parker v Gladden*, 385 US 363 [1966]). Moreover, while "[a] defendant has an absolute right to be present, with counsel, whenever his [or her] presence has a relation, reasonably substantial, to the fullness of his [or her] opportunity to defend against the charge" (*People v Ciaccio*, 47 NY2d 431, 436 [1979] [internal quotation marks and citations omitted]), the defendant's absence during the court officer's brief communication with the juror, and during the court's subsequent communication with the court officer, did not deprive the defendant of his right to be present at a material stage of the proceeding (*see People v Mullen*, 44 NY2d 1 [1978]; *People v White*, 73 AD3d 820 [2010]; *People v Kempsey*, 286 AD2d 780 [2001]; *cf. People v Ciaccio*, 47 NY2d 431 [1979]).

The defendant's contention that he was prejudiced by his codefendant's conduct during the trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit, as the defendant failed to establish that

any conduct by his codefendant prejudiced him (*see People v Williams*, 292 AD2d 251 [2002]; *People v Campbell*, 170 AD2d 982 [1991]).

The defendant's contention that the Supreme Court improperly limited his attorney's summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the comments by the defendant's counsel, which concerned the defendant's conduct during the trial and in the courthouse lobby, did not relate to any issue in the case and, thus, the court did not err in limiting counsel's closing remarks in that regard (*see generally Herring v New York*, 422 US 853 [1975]).

The defendant's contention that the evidence supporting his convictions was legally insufficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.