THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VEDA JAMOONA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAN JAMOONA, Appellant. [57 NYS3d 65]—

Consolidated appeals (1) by the defendant Veda Jamoona from a judgment of the Supreme Court, Queens County (Latella, J.), rendered March 13, 2015, convicting her of conspiracy in the fourth degree, upon a jury verdict, and imposing sentence, and (2) by the defendant Chan Jamoona from a judgment of the same court, also rendered March 13, 2015, convicting her of conspiracy in the fourth degree, grand larceny in the fourth degree, falsifying business records in the first degree (seven counts), and offering a false instrument for filing in the

first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

In February 2013, the defendants were each charged with grand larceny in the second degree, conspiracy in the fourth degree, and related crimes, arising out of each defendant's participation, together with several codefendants, in what the People contend was an overbilling scheme to steal in excess of $50,000 from the City of New York by submitting false documentation for payment to the Department for the Aging (hereinafter the City). The United Hindu Cultural Council (hereinafter Cultural Council) is a not-for-profit corporation operating a senior center in South Ozone Park which was part of a senior center program operated by the City. At different periods of time between 2005 and 2010, each of the defendants served as executive director of the Cultural Council.

As is relevant to these appeals, each defendant was responsible during the time periods relevant to the respective charges against each of them for signing and certifying contract invoice and service reports (hereinafter the monthly reports) as correct and accurate. The monthly reports were submitted each month by the Cultural Council to the City for reimbursement of the costs of lunches provided through the Cultural Council's daily lunch program. According to the People, the defendants, acting in concert with others, falsified the monthly reports purporting to set forth the costs of catered food that the Cultural Council had incurred in connection with the daily lunch program that it provided to seniors in the community. At trial, the People presented evidence that each monthly report significantly inflated the number of lunches provided on each specific date. The People showed that, as part of the scheme, Cultural Council employees were directed by each of the defendants to sign on the daily attendance sheet the names of senior citizens who had not attended lunch on each particular day in order to make it appear that more senior citizens were present for lunch. The attendance sheet served as the Cultural Council's record for calculating the number of lunches needed and the basis of the information included in the monthly report to the City. The People contended that the defendants falsified the attendance sheet to make it appear that more lunches were provided than were in fact provided and thereafter submitted inflated monthly reports to the City seeking payment far in excess of the lunches that actually were provided. After a jury trial, the defendants were convicted of, inter alia, conspiracy in the fourth degree.

The defendants' contention that they were deprived of their right to a public trial is without merit. "The right to a public trial has always been recognized as subject to the inherent power of trial courts to administer the activities of the courtroom" (*People v Colon*, 71 NY2d 410, 416 [1988]). Although the defendants had raised concerns before the trial began that the courtroom was too small to accommodate the number of family and community members who had expressed interest in attending the trial, once the trial was underway, the record reveals that there were both spectators and family members who were present throughout the trial and that they were accommodated by the Supreme Court when necessary. There is nothing in the record to reflect that any spectator or family member, or anyone else, was excluded from the courtroom at any time.

The defendants' *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) to the prosecutor's exercise of a peremptory challenge against a prospective juror of Indian heritage was properly denied. The prosecutor offered race-neutral reasons for exercising the peremptory challenge, which were accepted by the Supreme Court, and there is no basis in the record to conclude that those reasons were pretextual (*see People v Brims*, 145 AD3d 1025, 1026 [2016]; *People v Rubin*, 143 AD3d 846, 846 [2016]; *People v Tucker*, 131 AD3d 713, 713-714 [2015]).

The defendants' contention that the evidence of their guilt of conspiracy in the fourth degree was legally insufficient is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish each of the defendants' guilt of conspiracy in the fourth degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of conspiracy in the fourth degree as to each defendant was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 645-646 [2006]).

Finally, the defendants' contention, in effect, that the prosecution presented a different theory of the case to the jury than had been presented to the grand jury is without merit. Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.