People v Joseph (2019 NY Slip Op 00304)





People v Joseph


2019 NY Slip Op 00304


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-00523
 (Ind. No. 8290/12)

[*1]The People of the State of New York, respondent,
v
Gyasi Joseph, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo and Katheryne M. Martone of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Howard B. Goodman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered January 6, 2015, convicting him of criminal sex act in the first degree, robbery in the first degree as a sexually motivated felony, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court erroneously denied his Batson challenges (see Batson v Kentucky, 476 US 79) with respect to the prosecutor's use of peremptory challenges to exclude men from the jury is without merit. When challenged, the prosecutor provided gender-neutral explanations for using a peremptory challenge to exclude each of the prospective jurors at issue (see People v Smocum, 99 NY2d 418, 423; People v Waters, 81 AD3d 673, 673). A trial court's ultimate determination as to whether a proffered nondiscriminatory reason was pretextual is accorded great deference on appeal (see People v Hecker, 15 NY3d 625, 656). Since the record supports the court's determination that the prosecutor's explanations were not pretextual, the court's determination on this issue will not be disturbed on appeal (see People v Jamoona, 151 AD3d 748, 750; People v Ceruti, 142 AD3d 558, 558-559; People v Waters, 81 AD3d at 673-674).
The defendant contends that he was deprived of the right to counsel and his right to be present during court proceedings when a court officer informed the Supreme Court, in the absence of the defendant and his counsel, about an incident during which the court officer spoke to one of the jurors about the presence of the defendant and his codefendant in the courthouse lobby.
"A criminal defendant has the absolute right to be present at all material stages of trial" (People v Dini, 292 AD2d 631, 632; see CPL 260.20). Moreover, a defendant has "a constitutional right to counsel at every critical stage of the proceedings, meaning those stages that hold significant consequences for the accused'" (People v Smith, 30 NY3d 626, 629, quoting Bell v Cone, 535 US 685, 696).
The defendant's contention is without merit (see People v Singletary, 66 AD3d 564, [*2]565-566). The absence of the defendant and his counsel during the brief communication between the court officer and the juror, and during the subsequent communication between the Supreme Court and the court officer, did not deprive the defendant of his right to be present at a material stage of the proceedings (see People v Tullock, 148 AD3d 1061, 1062), or deprive him of his right to counsel at a critical stage of the proceedings. The interaction between the court officer and the juror in the courthouse lobby took place during a recess and was not part of the proceedings, let alone a material part. The reporting of the incident by the court officer to the court was not a material part of the proceedings. In any event, the court advised counsel of the incident and, in the presence of counsel, the court conducted an inquiry of all of the jurors with respect to this incident, provided defense counsel an opportunity to question the juror who spoke with the court officer, discharged that juror at the defendant's request, was assured by the remaining jurors that each one would remain fair and impartial, and advised the jury that the defendant and his codefendant had not engaged in improper conduct but were merely waiting in the courthouse lobby for a family member of the codefendant (see People v Tullock, 148 AD3d at 1062; People v Dargan, 101 AD3d 1143, 1144).
The defendant's contentions that he was also deprived of his rights to a trial by an impartial jury and to be confronted by adverse witnesses in the courtroom due to this same incident were determined to be without merit by this Court when raised by the defendant's codefendant on his related appeal, and, based on the arguments of the defendant, there is no basis to conclude otherwise on this appeal (see People v Tullock, 148 AD3d at 1062). The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial in light of the manner in which the court handled this situation subsequent to being apprised by the court officer as to what had transpired.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court