The People of the State of New York, Respondent,
against
Michael J. Ballard, Appellant. 




Alexander M. Dudelson, for appellant.
Suffolk County District Attorney, (Lauren Tan of counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Shelter Island, Suffolk County (Helen Rosenblum, J.), rendered August 21, 2017. The judgments convicted defendant, upon jury verdicts, of aggravated driving while intoxicated, driving while intoxicated (common law), operating an unregistered vehicle, operating an uninsured motor vehicle, and operating a motor vehicle on a public highway with improper plates, respectively, and imposed sentences.




ORDERED that the judgments convicting defendant of operating an unregistered vehicle, operating an uninsured motor vehicle, and operating a motor vehicle on a public highway with improper plates are reversed, on the law, the fines imposed thereon, if paid, are remitted, and the simplified traffic informations charging those offenses are dismissed; and it is further,
ORDERED that the judgments convicting defendant of aggravated driving while intoxicated and driving while intoxicated (common law) are affirmed.
Defendant was charged, in relevant part, in three simplified traffic informations with operating an unregistered vehicle (Vehicle and Traffic Law § 401 [1] [a]), operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]), and operating a motor vehicle on a public highway with improper plates (Vehicle and Traffic Law § 402 [4]), respectively. He was also charged in two misdemeanor informations with aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]) and common law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), respectively. After a suppression hearing, following which defendant's motion to suppress evidence was denied, and a jury trial, defendant was convicted of all five of these charges.
Defendant contends that the trial court should have, sua sponte, reopened the suppression hearing based upon the arresting officer's allegedly inconsistent trial testimony. This issue does not relate to any of the alleged errors asserted in defendant's affidavit of errors. "It is well settled [*2]that, generally, issues which have not been raised in an affidavit of errors are not properly preserved for appellate review" (People v Hudson, 63 Misc 3d 137[A], 2019 NY Slip Op 50525[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; see People v Sloane, 59 Misc 3d 143[A], 2018 NY Slip Op 50697[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Moreover, defendant did not move to reopen the suppression hearing, and "the court was under no obligation to reopen the hearing sua sponte" (People v Crespo, 117 AD3d 1538, 1539 [2014]). In any event, the asserted discrepancy would not materially affect the suppression determination (see People v Giler, 148 AD3d 1053, 1054 [2017]; People v Lewis, 302 AD2d 322 [2003]).
With respect to the charges of aggravated driving while intoxicated and common law driving while intoxicated, the People were required to announce their readiness for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]). "Any delay on the part of the People occurring after their declaration of readiness is chargeable to the People" (People v South, 29 Misc 3d 92, 95 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). "[P]ostreadiness delay attributable to the court is not charged to the People" (People v Goss, 87 NY2d 792, 797 [1996]), nor is delay attributable to pretrial motions, a trial of other charges concerning the defendant, or the absence of the defendant (see CPL 30.30 [4]). Although a pro se defendant cannot "be deemed to have consented to a continuance unless he has been advised by the court of his rights under [CPL 30.30] and the effect of his consent" (CPL 30.30 [4] [b]), where, as here, a pro se defendant specifically requests certain adjournments, not merely consents to adjournment requests by the People without being advised of the consequences of his consent, those periods of delay must be excluded (see People v Berger, 2 Misc 3d 46, 47 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2003]). Accordingly, there was no violation of defendant's statutory speedy trial rights (see CPL 30.30; People v Cheolsoon Ko, 128 AD3d 586, 586 [2015]; People v Gonzalez, 295 AD2d 264, 264 [2002]).
The Justice Court did not improvidently exercise its discretion in precluding defendant from calling witnesses to testify that the arresting officer was a business competitor of defendant, which testimony was offered to show that the arresting officer had a motive to fabricate his testimony. While extrinsic proof tending to establish a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, as here, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative (see People v Licausi, 122 AD3d 771, 772-773 [2014]). In any event, this defense theory was fully explored on defendant's cross-examination of the arresting officer.
As the People concede, they failed to comply with the 15-day notice requirement of CPL 710.30 with respect to a statement made by defendant to the arresting officer. As the People did not establish good cause for the delay in notifying defendant, it was error to admit that statement into evidence at trial (see People v Reed, 154 AD2d 629, 630 [1989]). The error in admitting that statement cannot be considered harmless because the People relied on that statement to establish defendant's guilt of operating an unregistered vehicle (see People v Slade, 133 AD3d 1203, 1206 [2015]). Without that statement, the evidence is legally insufficient to support the conviction of operating an unregistered vehicle (see People v Chittenden, 52 Misc 3d 142[A], 2016 NY Slip Op 51195[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Accordingly, that judgment of conviction is reversed.
As further conceded by the People, the judgments convicting defendant of operating an [*3]uninsured motor vehicle and operating a motor vehicle on a public highway with improper plates are based upon legally insufficient evidence and must be reversed (see Vehicle and Traffic Law §§ 319 [1]; 402 [4]; People v Clark, 64 Misc 3d 127[A], 2019 NY Slip Op 50980[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
Contrary to defendant's contention, the transcript reveals that, after some confusion as to the verdict regarding the charge of common law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), the jurors were individually polled, revealing that the charge had been considered by the jury and that each member of the jury agreed that they had found defendant guilty of the charge.
Accordingly, the judgments convicting defendant of operating an unregistered vehicle, operating an uninsured motor vehicle, and operating a motor vehicle on a public highway with improper plates are reversed and the accusatory instruments charging those offenses are dismissed. The remaining judgments of conviction are affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2019